# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| F/V PREDATOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY THROUGH CHUBB GROUP, GREAT AMERICAN INSURANCE COMPANYOF NEW YORK, COASTAL MARINE FUND and USI NORTHWEST, <br> Defendants. | NO. C08-5080RBL <br><br> ORDER DENYING PLAINITFF'S MOTION TO AMEND AND GRANTING DEFENDANTS' MOTION TO DISMISS |

THIS MATTER IS before this Court on the following Motions: Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. #62] and Plaintiff's Third Motion to Amend its Complaint, to cure any defects in its jurisdictional allegations [Dkt. #67]. Also pending is the Defendants' substantive Motion for Summary Judgment [Dkt. #60].

The underlying case involves the sinking of the F/V Milky Way off of Washington's coast in 2005. Defendants are various insurance companies providing insurance to the vessel and its owners (Federal provided Protection and Indemnity coverage and Great American provided pollution coverage). According to the Defendants, a dispute arose over salvage efforts

and payment for those efforts, and a lawsuit was filed and settled. A second salvage attempt was made, using Meredith Management as the project manager. It became apparent that Federal and Great American's policies would be exhausted before those efforts were finished.

According to Great American, all salvage bills were eventually paid, save one, which Great American paid in exchange for an assignment of the salvor's claim against Plaintiff. Plaintiff filed this action in February 2008, alleging bad faith, breach of fiduciary duty and violations of the Washington Consumer Protection Act. The Plaintiff's complaint has been twice amended. The gist of Plaintiff's claims as currently alleged is that the moving defendants did not pay out all the funds they were obligated to pay toward the second savage effort under the parties' settlement agreement (and/or that they were paid in a sequence which caused Plaintiff harm). These claims are couched as tort claims for bad faith and breach of fiduciary duty. There is also a single allegation that the defendants "breached the settlement agreement" by engaging in the enumerated bad faith and breach of fiduciary duty. There is no claim that any particular term of the settlement agreement was breached. [See Dkt. #57 at Paragraphs 60-66] Plaintiff's second amended complaint also added claims against new defendants, which are also tort claims.

Defendants seek dismissal for lack of subject matter jurisdiction. They argue that maritime jurisdiction exists over a tort claim only where the tort occurred on the water and has a nexus to maritime activities. *See Executive Jet Aviation v. City of Cleveland*, 409 U.S. 249, 269 (1972). They argue that the bad faith and breach of fiduciary duty claims asserted by the Plaintiff occurred (if at all) on land.

Defendants concede that a breach of contract claim related to a marine insurance policy might have the requisite maritime component. However, Defendants claim, the Plaintiff's breach of contract claim arises not from a maritime insurance policy but from the settlement agreement which terminated the prior litigation.

A complaint must be dismissed under Fed.R.Civ.P.12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: . . . (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

As the Defendants point out, the test for whether a tort claim is one sufficient to trigger this court's maritime jurisdiction (28 U.S.C. §1333) is straightforward: First, the tort must have occurred on the water, and second, it must have a maritime nexus. *Executive Jet Aviation*, 409 U.S. at 269. None of Plaintiff's tort allegations – bad faith, breach of fiduciary duty, etc., is alleged to have occurred over navigable water, and none have a maritime nexus. *See also Simon v Intercontinental Transport (ICT) B.V.*, 882 F.2d 1435, 1440 (9th Cir. 1989).

Plaintiff seeks to remedy this defect by again amending its complaint [Dkt. # 67]. Specifically, it seeks to add an allegation that the court has diversity jurisdiction over its claims, and to add a paragraph setting out the maritime nature of its claims.

Defendants oppose[1] this effort. [Dkt. #69]. As to the diversity allegation, defendants argue persuasively that the Plaintiff cannot establish that it has suffered $75,000 in damages; indeed the bulk of this litigation has been dedicated to determining what those damages are. In

---

[1] Defendant also points out that the parties are not completely diverse as to citizenship.

response to Defendants' Motion for Summary Judgment on the basis that Plaintiff has suffered *no* damages, [Dkt. #60] Plaintiff responded that it needed additional time to determine its damages. [Dkt. #68]. A Plaintiff cannot invoke this Court's diversity jurisdiction without establishing that the amount in controversy exceeds $75,000. Plaintiff concedes it cannot do so even at this late date. The Motion to Amend the Complaint to include a diversity jurisdiction allegation is DENIED as futile.

Plaintiff's proposed maritime jurisdiction allegation is similarly ineffective. The proposed additional language does not change the core allegations made in the Plaintiff's complaint. The defect in the Plaintiff's attempt to invoke the Court's maritime jurisdiction is not that it failed to say the "magic words," but that the claims it alleges are not maritime in nature.

The Plaintiff's Motion to Amend [Dkt. #67] is therefore DENIED.

Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. #62] is GRANTED. Defendants' Motion for summary Judgment [Dkt. #60] is DENIED as Moot.

IT IS SO ORDERED.

Dated this 30th day of December, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE